**PIERSOL v. BENDUM TREES OIL CO. et al.**

**Civil No. 432.**

District Court, E. D. Illinois.

Aug. 14, 1941.

134

Frank Hanagan and R. E. Smith, both of Benton, Ill., for plaintiff.

Donovan D. McCarty, of Olney, Ill., and Smith & McCollum, of Flora, Ill., for defendants.

LINDLEY, District Judge.

The validity of the pleading is to be determined under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. By Rule VIII, the term "cause of action" is abandoned and in its place is substituted "claim for relief." The rule prescribes a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief to which he deems himself entitled.

Tested by these requirements, I deem the complaint sufficient. It avers that certain oil belonged to and was the property of plaintiff; that defendants took, converted and disposed of the same to their own use. The prayer is for recovery of damages of $50,000. To my mind these averments constitute a valid claim for relief for conversion of personal property alleged to belong to plaintiff.

True, under the law of Illinois, oil in place is part of the real estate and the right to remove it a "corporeal hereditament," but when severed from the soil, it becomes personal property belonging to the owner of the real estate and as such can be converted.

Plaintiff prays no damages for trespass upon real estate; he asserts no title to the land. It may well be, if he is owner of the land, that he has two claims for relief: (1) For trespass upon real property, and (2) for conversion of the oil ·removed therefrom, but he has seen fit to state only one.

With full appreciation of the intent of the Supreme Court to simplify pleadings, to abolish differences between causes of action and to place all civil remedies in one category of "claims for relief" and desirous of promoting such purpose, I conclude that plaintiff has stated a valid claim for conversion of personal property. The motion to dismiss is denied. Defendants will plead within fifteen days.